**In re Kim A. SIMONS, Debtor.**

**Boyd SIMONS, Plaintiff,**

v.

**Kim A. SIMONS, Defendant.**

**Bankruptcy No. 94–16613–TS.
Adv. No. 95–1078–TS.**

United States Bankruptcy Court,
W.D. Oklahoma.

March 4, 1996.

Edward W. Dzialo, Jr., Lawton, Oklahoma, for Plaintiff.

Carole J. Brown, Lawton, Oklahoma, for Defendant.

### ORDER REGARDING DISCHARGE-ABILITY OF DEBT AND AVOID-ANCE OF LIEN

JOHN TeSELLE, Bankruptcy Judge.

Plaintiff initiated this adversary proceeding on March 23, 1995, seeking a determination that the $14,000 awarded him in the parties' divorce as alimony in lieu of property settlement is not dischargeable in Defendant's bankruptcy, pursuant to 11 U.S.C. § 523(a)(15). Defendant answered, placing the proceeding at issue. This proceeding was originally set for trial on January 17, 1996, then continued to February 22, 1996. The parties' Final Pretrial Order, which superseded the pleadings, presented two issues for trial. The first issue concerned the dischargeability of the $14,000 obligation owed Plaintiff by Defendant. The second issue related to whether Defendant could avoid the lien granted to Plaintiff by the divorce court to secure payment of the $14,000.[1] There having been no dispositive motions filed in this adversary proceeding, the Court heard the testimony of the witnesses and received evidence on both issues during the trial. At the conclusion of the trial, the Court took the matter under advisement to review the applicable law. Having done so, the Court rules as follows.

### Facts

The material facts in this matter are not in dispute. Plaintiff is the former husband of Defendant/Debtor. On August 30, 1993, the District Court of Comanche County, Oklahoma, granted the parties a divorce. The divorce decree provided, *inter alia*, for substantially all the marital property to be vested in Defendant, including the parties' homestead, which was previously owned in joint tenancy. To Plaintiff the divorce decree granted "$14,000 as alimony in lieu of property settlement ... secured by a lien against the home of the parties ... said alimony in lieu of property settlement not being due and payable until May 1, 1999."

After the divorce, Plaintiff moved to the state of Washington, where he is employed as a dispatcher for Collins Transport. Plaintiff's monthly salary is approximately $3,000 and his expenses are approximately $2,000. Defendant remained in Lawton, lives in what was formerly the parties' marital homestead, and has two children, ages five years and three months.[2] Defendant was employed at the time she filed for bankruptcy, with a gross monthly income between $1,287 and $1,412, but has since ceased working. Her current income is between $611.28 and $736.28 per month, consisting of $278.28 received from Plaintiff as child support, $324 received as food stamps, and an occasional $125 child support payment from her current, but now estranged, husband.[3]

### Issues

The issues in this case are 1) whether the $14,000 obligation owed Plaintiff by Defendant is dischargeable in Defendant's bankruptcy under § 523(a)(15); and 2) whether, as a matter of law, Plaintiff's lien is avoidable under § 522(f)(1)(A) and *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991).

### Applicable Law and Discussion

#### A. Dischargeability of Obligation

Defendant first seeks to discharge the $14,000 she owes Plaintiff under the terms of

---

1. Defendant initially raised the issue of lien avoidance in her main bankruptcy case by the filing of her **Motion to [Av]oid Lien.** The parties agreed that this motion, as well as Plaintiff's **Motion for Relief from Automatic Stay and Abandonment of Property,** also filed in the main case, should be held in abeyance by the Court pending resolution of this adversary proceeding.

2. Plaintiff is the father of the five year old child.

3. Since divorcing each other, both parties have remarried. Plaintiff has divorced his subsequent wife, and Defendant is in the process of divorcing her subsequent husband.

the parties' divorce decree. The divorce court characterized the obligation as "alimony in lieu of property settlement" and provided for payment thereof by May 1, 1999. Defendant asserts this is a property settlement which is dischargeable within the meaning of § 523(a)(15)(A) and (B).

■ That statute provides that:

A discharge ... does not discharge an individual debtor from any debt—

not of the kind described in paragraph (5) that is incurred by the debtor in the course of a ... divorce decree ... unless—

the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor ... or

discharging such debt would result in a benefit to the debtor that outweighs detrimental consequences to a spouse....

11 U.S.C. § 523(a)(15)(A) and (B). In typical dischargeability cases, the creditor bears the burden of proving its case by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). However, when proceeding under § 523(a)(15), there is a "rebuttable presumption that any property settlement obligation arising from a divorce is nondischargeable unless the debtor can prove" the applicability of § 523(a)(15)(A) or (B). *Slover v. Slover,* 191 B.R. 886 (Bankr. E.D.Okla.1996) (citations omitted).

■ Plaintiff presented evidence that the $14,000 obligation owed him by Defendant arose from the parties' divorce, and thus established the rebuttable presumption that the obligation was nondischargeable. Debtor then put on evidence regarding her inability to pay the obligation and the relative benefit to her in discharging the obligation. In examining the facts of this case and the evidence presented in light of the applicable law, the Court notes that Defendant's maxi-

mum monthly income in recent history has been $1,412, $412 of which was received in the form of child support payments. She is responsible for a house payment and the care of two small children. Plaintiff's monthly salary exceeds his monthly expenses by $1,000 and, as set forth below, even if the debt is discharged, Defendant is not left without a remedy. Accordingly, the Court is of the opinion that the benefit to debtor in discharging this obligation outweighs the detriment to Plaintiff in not receiving payment thereof.

## B. Avoidance of Lien

■ Defendant next argues that Plaintiff's lien is a judicial lien which impairs her homestead exemption, and seeks to avoid that lien under § 522(f)(1)(A). That section provides, in pertinent part:

... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

a judicial lien....

11 U.S.C. § 522(f)(1)(A). The United States Supreme Court has interpreted this statute in the context of facts similar to those in this case, in *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991).[4] In *Sanderfoot,* the debtor ex-husband was awarded the home of the parties in the divorce. *Sanderfoot,* 500 U.S. at 293, 111 S.Ct. at 1827. He sought to avoid a lien thereon awarded his ex-wife, alleging her lien impaired his homestead exemption. *Sanderfoot,* 500 U.S. at 294, 111 S.Ct. at 1827–28. The Supreme Court held that the ex-wife's lien could not be avoided. *Sanderfoot,* 500 U.S. at 301, 111 S.Ct. at 1831. The Court reasoned that the decree of divorce extinguished the previously existing joint tenancy, in which each party held an undivided one-half interest, and created two new property interests. *Sanderfoot,* 500 U.S. at 299, 111 S.Ct. at 1830–31. The decree created an equitable lien in favor of the ex-wife, while

**4.** In *Sanderfoot,* the ex-husband was the debtor, received the real property, and filed for bankruptcy seeking to avoid his ex-wife's lien. In the

case now before this Court, the parties are reversed.

simultaneously vesting a fee simple interest in the ex-husband. *Sanderfoot,* 500 U.S. at 299, 111 S.Ct. at 1830–31. These property rights having come into existence simultaneously, the ex-husband took title to the homestead subject to the ex-wife's lien. *Sanderfoot,* 500 U.S. at 300, 111 S.Ct. at 1830–31. Because the ex-husband "never possessed his new fee simple interest before the lien 'fixed', § 522(f)(1) [was] not available to void the lien." *Sanderfoot,* 500 U.S. at 300, 111 S.Ct. at 1831. In other words, in order for a lien to be avoidable under § 522(f)(1), the debtor must hold an interest in debtor's newly created estate *prior* to the fixing of the lien in order for there to be a "fixing of a lien on an interest of the debtor" within the meaning of § 522(f)(1). *Sanderfoot,* 500 U.S. at 298, 111 S.Ct. at 1830.

 Defendant's counsel attempted to distinguish *Sanderfoot* from the case before this Court, based upon the fact the parties herein have *not* conceded, as did the parties in *Sanderfoot,* that under applicable state law their pre-existing interests were extinguished by the divorce decree. Oklahoma law, however, provides that a lien covering previously jointly owned property, created by a divorce decree, is an equitable lien, functionally equivalent to a purchase money mortgage. *United Okla. Bank v. Moss,* 793 P.2d 1359, 1363 (Okla.1990). This holding was based upon the "pre-existing interest theory" in which "[t]he wife's decree-conferred lien is analogous to a purchase money mortgage because … a prior estate was transformed here into a security interest and the transferee's (husband's) title came to him already burdened with the lien in transferor's (wife's) favor." *Id.* at n. 11.

The law of Oklahoma in this regard is so close to the state law relied upon in *Sanderfoot* that there is no basis for distinction. Accordingly, *Sanderfoot* is controlling in this case, and Defendant cannot avoid Plaintiff's lien on her homestead.

### Decision

The Court finds that the $14,000 obligation owed Plaintiff by Defendant is dischargeable

in Defendant's bankruptcy pursuant to § 523(a)(15)(B). The Court also finds, under the law of *Sanderfoot,* that Plaintiff's lien is not avoidable.[5] According to the terms of the divorce decree, the debt Plaintiff's lien secures does not mature until May 1, 1999. Therefore, Plaintiff is not entitled to foreclose his lien until that date.

IT IS SO ORDERED.

---

5. The effect of this ruling is that Defendant–Debtor's personal obligation is discharged, but the property remains liable for the debt.